**JS 44** (Rev. 12/07) (cand rev 1-16-08) **CIVIL COVER SHEET**

BZ

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

SAINT FRANCIS MEMORIAL HOSPITAL and FRANKLIN BENEVOLENT CORPORATION F/K/A DAVIES MEDICAL CENTER

### DEFENDANTS

MICHAEL O. LEAVITT, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICES

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

E-filing

SAN FRANCISCO

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

GARY E. GLEICHER (NO. 61283)
LAW OFFICES OF GARY E. GLEICHER
433 North Camden Drive, Suite 730
Beverly Hills, CA 90210
Telephone (310) 277-3696

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

1 ☐ U.S. Government Plaintiff

2 ☒ U.S. Government Defendant

3 ☐ Federal Question (U.S. Government Not a Party)

4 ☐ Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane | 362 Personal Injury— | 620 Other Food & Drug | 423 Withdrawal | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product | Med. Malpractice | 625 Drug Related Seizure | 28 USC 157 | 430 Banks and Banking |
| 140 Negotiable Instrument | Liability | 365 Personal Injury— | of Property 21 USC 881 | | 450 Commerce |
| 150 Recovery of Overpayment | 320 Assault, Libel & | Product Liability | 630 Liquor Laws | **PROPERTY RIGHTS** | 460 Deportation |
| & Enforcement of Judgment | Slander | 368 Asbestos Personal | 640 R.R. & Truck | 820 Copyrights | 470 Racketeer Influenced and |
| 151 Medicare Act | 330 Federal Employers' | Injury Product | 650 Airline Regs. | 830 Patent | Corrupt Organizations |
| 152 Recovery of Defaulted | Liability | Liability | 660 Occupational | 840 Trademark | 480 Consumer Credit |
| Student Loans | 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | 490 Cable/Sat TV |
| (Excl. Veterans) | 345 Marine Product | 370 Other Fraud | 690 Other | | 810 Selective Service |
| 153 Recovery of Overpayment | Liability | 371 Truth in Lending | | **SOCIAL SECURITY** | 850 Securities/Commodities/ |
| of Veteran's Benefits | 350 Motor Vehicle | 380 Other Personal | **LABOR** | 861 HIA (1395ff) | Exchange |
| 160 Stockholders' Suits | 355 Motor Vehicle | Property Damage | 710 Fair Labor Standards | 862 Black Lung (923) | 875 Customer Challenge |
| 190 Other Contract | Product Liability | 385 Property Damage | Act | 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| 195 Contract Product Liability | 360 Other Personal Injury | Product Liability | 720 Labor/Mgmt. Relations | 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| 196 Franchise | | **PRISONER** | 730 Labor/Mgmt.Reporting | 865 RSI (405(g)) | 891 Agricultural Acts |
| | | **PETITIONS** | & Disclosure Act | | 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | 510 Motions to Vacate | 740 Railway Labor Act | **FEDERAL TAX SUITS** | 893 Environmental Matters |
| 210 Land Condemnation | 441 Voting | Sentence | 790 Other Labor Litigation | 870 Taxes (U.S. Plaintiff | 894 Energy Allocation Act |
| 220 Foreclosure | 442 Employment | **Habeas Corpus:** | 791 Empl. Ret. Inc. | or Defendant) | 895 Freedom of Information |
| 230 Rent Lease & Ejectment | 443 Housing/ | 530 General | Security Act | 871 IRS—Third Party | Act |
| 240 Torts to Land | Accommodations | 535 Death Penalty | | 26 USC 7609 | 900 Appeal of Fee |
| 245 Tort Product Liability | 444 Welfare | 540 Mandamus & Other | **IMMIGRATION** | | Determination |
| 290 All Other Real Property | 445 Amer. w/Disabilities— | 550 Civil Rights | 462 Naturalization Application | | Under Equal Access |
| | Employment | 555 Prison Condition | 463 Habeas Corpus— | | to Justice |
| | 446 Amer. w/Disabilities— | | Alien Detainee | | 950 Constitutionality of |
| | Other | | 465 Other Immigration | | State Statutes |
| | 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. §§ 1395 et seq. and 5 U.S.C. §§ 551 et seq.

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 0

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)

☒ SAN FRANCISCO/OAKLAND    ☐ SAN JOSE

DATE    March 12, 2008

SIGNATURE OF ATTORNEY OF RECORD

1    GARY E. GLEICHER (Cal. Bar No. 61283)
     LAW OFFICES OF GARY E. GLEICHER
2    433 North Camden Drive, Suite 730
     Beverly Hills, California 90210
3    Telephone: (310) 277-3696
     Facsimile: (310) 273-7679
4    e-mail: ggleicher@aol.com

     E-filing

5    Attorney for plaintiffs
     SAINT FRANCIS MEMORIAL HOSPITAL and
6    FRANKLIN BENEVOLENT CORPORATION F/K/A
     DAVIES MEDICAL CENTER
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11   SAINT FRANCIS MEMORIAL HOSPITAL            CASE NO. CV 08 1440
     and FRANKLIN BENEVOLENT
12   CORPORATION F/K/A
     DAVIES MEDICAL CENTER                      COMPLAINT FOR JUDICIAL REVIEW
13                                              OF FINAL ADVERSE AGENCY DECISION
                                                ON MEDICAL REIMBURSEMENT
14               Plaintiffs,

15   vs.

16   MICHAEL O. LEAVITT, IN HIS OFFICIAL
     CAPACITY AS SECRETARY OF THE
17   DEPARTMENT OF HEALTH AND
     HUMAN SERVICES,
18
                 Defendant.
19

20                   **I. JURISDICTION AND VENUE**

21           1.      This is a civil action brought to obtain judicial review of a final agency

22   decision rendered by the Medicare Provider Reimbursement Review Board ("PRRB"). This action is

23   timely filed pursuant to 42 U.S.C. §1395oo(f)(1).

24           2.      This action arises under Title XVIII of the Social Security Act, as amended

25   (42 U.S.C. §§ 1395 et seq.), hereinafter referred to as the "Medicare Act" or the "Act," which

26   establishes the Medicare program (the "Medicare Program" or the "Program"), and the

27   Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551 et seq.

28           3.      This court has jurisdiction under 42 U.S.C.§ 1395oo(f) (appeal of final

---

1   Medicare program agency decision) and 28 U.S.C. § 1331 (federal question). Venue lies in this

2   judicial district pursuant to 42 U.S.C. § 1395oo(f) and § 28 U.S.C. § 1391(e). This court has authority

3   to grant the relief requested under 42 U.S.C. § 1395oo(f) and 28 U.S.C. §§ 2201-2202.

## II. PARTIES

5        4.    Plaintiffs Saint Francis Memorial Hospital ("Saint Francis") and Franklin

6   Benevolent Corporation f/k/a Davies Medical Center ("Davies") are each acute care inpatient

7   hospitals located in San Francisco, California (Saint Francis and Davies are referred to collectively as

8   the "Hospitals.") During the relevant period, each of the Hospitals was certified as a "provider of

9   services" participating in the Medicare program within the meaning of 42 U.S.C. § 1395x(u).

10       5.    The Defendant, Michael O. Leavitt, Secretary of the Department of Health and

11   Human Services (hereinafter referred to as the "Secretary"), or his predecessors in office, is the

12   federal officer responsible for the administration of the Medicare Program pursuant to the Medicare

13   Act. The Secretary has delegated administration of the Medicare Program to the Centers for Medicare

14   and Medicaid Services ("CMS").

## III. MEDICARE PAYMENT AND APPEAL

16       6.    The Medicare Act establishes a system of health insurance for the aged and the

17   disabled. Under the Medicare Act, an eligible Medicare beneficiary is entitled to have payment made

18   by the Medicare program on his or her behalf for, *inter alia,* inpatient and outpatient hospital services

19   provided to him or her by a hospital participating in the Medicare program as a "provider of

20   services."

21       7.    CMS, through fiscal intermediaries, pays providers participating in the

22   Medicare Program for covered services rendered to Medicare beneficiaries. 42 U.S.C. § 1395h. The

23   amount of payment owing to a provider for services furnished to Medicare beneficiaries is determined

24   by the fiscal intermediary acting as an agent of the Defendant Secretary. 42 U.S.C. §1395h. The fiscal

25   intermediary that acted on behalf of the Secretary with respect to the Hospitals was Blue Cross Blue

26   Shield Association and its subcontractor, United Government Services ("UGS") and National

27   Government Services, collectively referred to herein as the "Intermediary."

28       8.    A provider may appeal the Secretary's final determination of total program

-2-

1    reimbursement to the PRRB pursuant to 42 U.S.C. § 1395oo(a)(1)(A)(2) if the provider "is

2    dissatisfied with a final determination of the Secretary as to the amount of the payment under

3    subsection (b) or (d) of section 1886" of the Medicare Act. The PRRB has jurisdiction over appeals

4    from the Secretary's determinations if the provider is dissatisfied with the Secretary's final

5    determination, the amount in controversy is equal to $10,000 or more, and the provider requests a

6    hearing within 180 days after notice of the Secretary's determination. 42 U.S.C. §1395oo(a).

7           9.    The Medicare regulation, 42 C.F.R. § 405.1841(b), provides as follows

8    regarding the granting of a good cause exception to the deadline for filing an appeal with the PRRB:

9

10          (b) *Extension of time limit for good cause* A request for a Board hearing filed
            after the time limit prescribed in paragraph (a) of this section shall be
            dismissed by the Board, except that for good cause shown, the time limit may
11          be extended. However, no such extension shall be granted by the Board if such
            request is filed more than 3 years after the date the notice of the intermediary's
12          determination is mailed to the provider.

13          10.    The PRRB has long since recognized its inherent authority to review any

14    matter covered by a cost report. Indeed, the Board stated this principle as early as 1979:

15          The Board is of the opinion that it has [jurisdiction]. Under the provisions of
            42 CFR § 405.1851, Subpart R, the Board must fully inquire into all matters at
16          issue; and, under § 405.1869, the Board has the power to make any other
            modifications on matters covered by such cost report, even though such
17          matters were not considered in the Intermediary's determination. Accordingly,
            for completeness of the record and in consideration of due process, the Board
18          elicited from the parties additional evidence and/or argumentation concerning
            the appropriateness of whether the provider is entitled to "relief" under any of
19          the exception provisions of § 405.460(f)(2) and (3).

20    PRRB Dec. No. 79-D22 (April 13, 1979) (Medicare and Medicaid Guide (CCH) ¶ 29,913.)

21          11.    The recognition in 1979 by the PRRB of its inherent authority to review all

22    matters covered by the cost report, with or without an explicit intermediary audit adjustment,

23    presaged by nearly a decade the Supreme Court's similar pronouncement in the land mark decision of

24    *Bethesda Hospital Association v. Bowen*, 485 U.S. 399 (1988). See also, *Loma Linda University*

25    *Medical Center v. Blue Cross and Blue Shield Association of California*, Dec. 2001-D43 (August 30,

26    2001) (Medicare and Medicaid Guide (CCH) ¶ 80,7333) (rev'd, CMS Administrator, Nov. 1, 2001

27    (Medicare and Medicaid Guide (CCH) ¶ 80,786).

28          12.    If a provider has satisfied the requirements for a hearing before the PRRB, the

-3-

1  provider has the right to add an issue to the appeal prior to the hearing.  42 C.F.R.§ 405.1841(a).

2        13.    The PRRB *Instructions*, an informal guide not published in accordance with

3  the notice and comment provisions of the APA, and thus lacking the force of law, nonetheless reflects

4  the PRRB's formal, published statement regarding practice and procedure before the PRRB. The

5  *Instructions* are posted on the world wide web.[1]

6        14.    The PRRB *Instructions* reflect the provisions of  42 C.F.R.§ 405.1841(a) as

7  follows:

> In an individual appeal, you may add issues to the appeal prior to the commencement of the hearing. You must identify the issues in writing and simultaneously furnish any supporting documentary evidence. (See Part I, B., II., a. Hearing Request for Individual Appeals.) The issues must be from the final determination(s) that is (are) the subject of your hearing request. The Board does not send written acknowledgement of the addition of issues to an existing appeal. Since you are responsible for addressing all issues in a position paper before the hearing, you should assume that the added issues are part of your appeal. In addition, the Board does not acknowledge, in writing, the transfer of issue(s) from an individual appeal to a group appeal, unless it will result in the closing of the individual case.
>
> Although issues may be added to an individual appeal even after you have filed your position paper, the Board will look with disfavor on issues that are added at the last minute. The Board encourages you to submit a supplemental position paper on any such added issue(s) at least 45 days before the hearing.
>
> *Instructions*, Section C.VI. Page 10

17        15.    The Administrator of CMS has ruled that a provider has the right to add its

18  appeal of a Routine Costs Limit ("RCL") determination to a pending appeal. *Twin Rivers Regional*

19  *Medical Center v. Blue Cross and Blue Shield Association/Premera Blue Cross* (May 29, 2002)

20  (Medicare and Medicaid Guide (CCH) ¶ 80,881).  As stated by the CMS Administrator:

> In these cases, the record reflects that the Provider requested an RCL exemption for a three-year period; that the Provider timely appealed certain adjustments on its NPRs; that CMS rendered a determination on the SNF exemption request and that *the Provider added the SNF cost limit issue to the pending appeals.* Applying the above law to the facts in this case, the Administrator finds that the Board has jurisdiction to hear the Provider's appeals of CMS' denial of its RCL exemption request as it had a properly pending appeals of its NPRs to *which it added the RCL exemption issue, under 42 CFR 405.1841(a).* (Emphasis added.)

26        16.    The PRRB has jurisdiction over all components of an adjustment.  The

27  *Instructions* provide, for example, in cases involving appeal of the disproportionate share ("DSH")

[1] http://www.cms.hhs.gov/PRRBReview/Downloads/PRRB_Instructions_March_03.pdf

COMPLAINT FOR JUDICIAL REVIEW OF FINAL ADVERSE AGENCY DECISION ON MEDICAL
REIMBURSEMENT

1    adjustment, that there are a variety of components, each of which should be identified in an appeal:

2    You must clearly and specifically identify your position in regard to the issues
     in dispute. For instance, if you are appealing an aspect of the disproportionate
3    share (DSH) adjustment factor or calculation, do not define the issue as
     "DSH". *You must precisely identify the component of the DSH issue that is in*
4    *dispute.*

5    *Instructions*, P. 7 (Emphasis added.)

6           17.     Accordingly, and by way of example, the United States District Court for the

7    District of Columbia has recognized that the Intermediary issues a single DSH Adjustment, and the

8    provider has the right to appeal any or all of the components of the adjustment. *St. Joseph's Hospital*

9    *v. Leavitt*, (D.C. Dist. 2006) U.S. Dist. Lexis 14272. Decisions of the PRRB recognize this principle.

10   *See, e.g.*, *Community Hospital of Monterrey Peninsula v. Blue Cross Blue Shield Association/United*

11   *Government Services LLC-CA,* Dec. No. 2006-D13 (January 19, 2006) (Medicare and Medicaid

12   Guide (CCH) ¶ 81,461) (Board asserted jurisdiction over a provider's appeal from a revised notice of

13   program reimbursement ("Revised NPR") where the revised NPR adjusted for the component of

14   "paid" Medicaid days and the provider appealed "unpaid" Medicaid days.) *See, also St. Rita's*

15   *Medical Center v. Blue Cross and Blue Shield Association/AdminaStar Federal Ohio*, Dec. No. 2005-

16   D41 (May 25, 2005) (Medicare and Medicaid Guide (CCH) ¶ 81,364) and *Rome Memorial Hospital*

17   *v. Blue Cross Blue Shield Association/Empire Medicare Services*, PRRB Dec. No. 2005-D42 (April

18   6, 2005) (Medicare and Medicaid Guide (CCH) ¶ 81,365).

19          18.     The United States Court of Appeals for the Ninth Circuit has held that "once

20   the [PRRB] acquires jurisdiction pursuant to 42 U.S.C. §1395oo(a) over a dissatisfied provider's cost

21   report on appeal from the intermediary's final determination of total reimbursement due for a covered

22   year, it has discretion under §1395oo(d) to decide whether to order reimbursement of a cost or

23   expense that was incurred within the period for which the cost report was filed, even though that

24   particular expense was not expressly claimed or explicitly considered by the intermediary. In this, we

25   join the First Circuit's similar view. *Maine General Med. Ctr. v. Shalala*, 205 F.3d 493 (1st Cir.

26   2000), *reh'g denied*, 210 F.3d 420 (1st Cir. 2000); *St. Luke's Hosp. v. Sec'y of Health & Human*

27   *Servs.*, 810 F.2d 325 (1st Cir. 1987)." *Loma Linda University Medical Center v. Leavitt*, 492 F.3d

28   1065, 1068 (9th Circuit 2007).

-5-

1                19.    In exercising its authority to conduct hearings, the PRRB must comply with all

2    the provisions of Title XVIII of the Medicare Act and regulations issued thereunder, as well as CMS

3    Rulings issued under the authority of the Administrator of the CMS. 42 C.F.R. § 405.1867.

4                20.    A decision of the PRRB shall be final unless the Secretary, on the Secretary's

5    own motion, and within 60 days after the provider of services is notified of the PRRB's decision,

6    reverses, affirms, or modifies the PRRB's decision. 42 U.S.C. §1395oo(f)(1).

7                21.    A provider has the right to obtain judicial review of any final decision of the

8    PRRB, or any reversal, affirmance, or modification by the Secretary, 42 U.S.C. §1395oo(f)(1), by

9    commencing an action within 60 days following the provider's receipt of such final decision. "Such

10   action shall be brought in the district court of the United States for the judicial district in which the

11   provider is located (or, in an action brought jointly by several providers, the judicial district in which

12   the greatest number of such providers are located) or in the District Court for the District of Columbia

13   . . . ." *id.*

14   **IV. MEDICARE PAYMENT TO A SKILLED NURSING FACILITY, ROUTINE**
     **COST LIMITS ("RCL"), AND THE RCL EXCEPTION REQUEST AND APPEAL**
15   **PROCESSES**

16               22.    The Medicare Act defines a skilled nursing facility ("SNF")  as an institution

17   engaged in providing skilled nursing and related services for residents who require medical and

18   nursing care or rehabilitative services for injured, disabled or sick persons.  42 U.S.C. § 1395i-3.

19               23.    The Medicare program reimburses skilled nursing facility ("SNF") services

20   based on reasonable costs, 42 U.S.C. § 1395x(v), subject to "routine cost limits" ("RCL"), 42 U.S.C.

21   § 1395x(v)(7)(B), 42 U.S.C. 1395ww(a) AND 42 U.S.C. § 1395yy.

22               24.    An SNF may be free standing or hospital based.

23               25.    An SNF has the right to request an exception to the RCL, as set forth in the

24   Medicare Act, 42 U.S.C. §1395yy(c):

25           The Secretary may make adjustments in the limits set forth in subsection (a)
     with respect to any skilled nursing facility to the extent the Secretary deems
26   appropriate, based upon case mix or circumstances beyond the control of the
     facility. The Secretary shall publish the data and criteria to be used for
27   purposes of this subsection on an annual basis.

28               26.    The Medicare regulation, 42 C.F.R. § 413.30, implements the cost

-6-

1   reimbursement limits for SNF, and 42 C.F.R. §413.30(f) provides an exception to the limits for
2   providers of "Atypical Services."

3         27.    The intent of Congress in providing an exception to the RCL was to
4   compensate providers for the additional costs associated with the provision of atypical services to
5   ensure that providers would be reimbursed their full costs for providing those additional services and
6   that patients not covered by Medicare would not be unfairly burdened with subsidizing the cost of the
7   care of Medicare patients. 42 U.S.C. §1395yy(a); 42 U.S.C. §1395x(v)(1)(A).

8         28.    The Provider Reimbursement Manual ("PRM") is an explanatory guide not
9   promulgated in compliance with the notice and comment requirements of the APA and, therefore,
10  which does not have the force and effect of law.

11        29.    PRM § 2534.5 instructs intermediaries to calculate RCL exceptions for SNFs
12  at amounts exceeding 112 percent of the mean per diem routine service costs for hospital-based
13  SNFs, rather than amounts exceeding the cost limit. (The "112% Rule")

14        30.    For free standing SNF's, the 112% Rule has no effect because the RCL is set at
15  112% of the mean per diem routine service costs of free standing SNF's.

16        31.    For hospital based SNF's, however, the RCL is set at the limit for free standing
17  SNF's plus only 5% of the difference between the freestanding limit and 112% of the mean per diem
18  routine service costs of hospital based SNF's. 42 U.S.C. § 1395yy.

19        32.    The result of the application of the 112% Rule to a hospital based SNF,
20  therefore, is that no allowance is made for atypical services unless the total cost of that category of
21  services exceeds 112% of the SNF's mean per diem cost. Accordingly, a hospital based SNF with
22  costs that exceed the RCL by less than 112% will always be denied an exception. Moreover, for a
23  hospital based SNF that can satisfy the requirements of the 112% Rule, the exception is only to the
24  extent that the SNF exceeds that amount. The hospital based SNF, therefore, incurs a loss equal to
25  the difference between the hospital based limit and 112% of the mean per diem routine service costs
26  of the SNF.

27        33.    The application of the 112% Rule also requires that each category of cost be
28  examined, and that any category of costs that exceeds the 112% threshold is offset to the extent that

-7-

1   costs in other categories are less than the 112% threshold. Thus, the application of the 112% Rule

2   has the effect of confusing the concepts of "atypical total costs" with the concept of "costs of atypical

3   services." This distinction was rejected in *Regents of the University of California on behalf of Davis*

4   *Medical Center v. Schweiker*, 756 F.2d 1387 (9th Cir. 1985).

5         34.  The Medicare regulations, 42 C.F.R. § 413.30(c)(2), prescribe the process for

6   appealing a determination denying such a request:

7         (2) *Skilled nursing facility exception* The intermediary makes the final determination

8   on the SNF's exception request and notifies the SNF of its determination within 90 days from the date

9   that the intermediary receives the request from the SNF. If the intermediary determines that the SNF

10  did not provide adequate documentation from which a proper determination can be made, the

11  intermediary notifies the SNF that the request is denied. The intermediary also notifies the SNF that it

12  has 45 days from the date on the intermediary's denial letter to submit a new exception request with

13  the complete documentation and that otherwise, the denial is the final determination. The time

14  required by the intermediary to review the request is considered good cause for the granting of an

15  extension of the time limit for the SNF to apply for a PRRB review, as specified in §405.1841 of this

16  chapter. *The intermediary's determination is subject to review under subpart R of part 405 of this*

17  *chapter.* (Emphasis added.)

18        35.  As provided by the applicable Medicare regulation, 42 C.F.R. § 413.30(c )(2),

19  cited and quoted above, the process for appealing an RCL exception request is governed by subpart

20  R of part 405 of chapter 42 of the Code of Federal Regulations, *i.e.*, the process for appealing a final

21  determination before the PRRB.

22                  **V. FACTS SPECIFIC TO THE HOSPITALS**

23  **SAINT FRANCIS FYE 6/30/95**

24        36.  Saint Francis operated a hospital based SNF during, among other cost reporting

25  periods, fiscal year ended ("FYE") 6/30/95.

26        37.  Saint Francis filed an RCL exception request for the hospital based SNF for,

27  among other cost reporting periods, FYE 6/30/95.

28        38.  The Intermediary applied the 112% Rule to Saint Francis's exception request

-8-

COMPLAINT FOR JUDICIAL REVIEW OF FINAL ADVERSE AGENCY DECISION ON MEDICAL
REIMBURSEMENT

1  for the hospital based SNF for FYE 6/30/95.

2  **DAVIES FYE's 12/31/94 and 7/29/98**

3       39.    Davies operated a hospital based SNF during, among other cost reporting

4  periods, FYE'S 12/31/94 and 7/29/98.

5       40.    Davies filed an RCL exception request for the hospital based SNF for, among

6  other cost reporting periods, FYE's 12/31/94 and 7/29/98.

7       41.    The Intermediary applied the 112% Rule to Davies's exception request for the

8  hospital based SNF for FYE's 12/31/94 and 7/29/98.

9  **VI. THE HOSPITALS' APPEALS TO THE PRRB**

10  **SAINT FRANCIS FYE 6/30/95**

11       42.    By letter dated April 28, 1998 to the PRRB, Saint Francis timely requested a

12  hearing before the PRRB to appeal the Intermediary's final determination of Medicare payment for

13  FYE 6/30/95, to which the PRRB assigned individual appeal case number 98-2703.

14       43.    By letter dated February 1, 1999, the Intermediary issued a revised NPR, which

15  notified Saint Francis of the exception request.

16       44.    On November 2, 1999, Saint Francis added to its individual appeal its appeal

17  regarding the Intermediary's RCL determination by briefing the issue in its preliminary position

18  paper.

19       45.    By letter dated March 24, 2000, Saint Francis requested that the RCL appeal be

20  transferred to and consolidated with group appeal number 98-3176G.

21       46.    By letter dated October 24, 2006, the PRRB notified Saint Francis that the

22  PRRB declined to assert jurisdiction over its appeal regarding the RCL determination for 6/30/95

23  based on the determination of the PRRB that Saint Francis did not file its appeal within 180 days of

24  the revised NPR.

25       47.    By letter dated November 3, 2006, Saint Francis, along with certain other

26  participating providers in Group Appeal No.98-3176G, requested that the PRRB reconsider its

27  jurisdiction decision.

28       48.    By letter dated November 6, 2006, the PRRB granted Saint Francis's request,

-9-

COMPLAINT FOR JUDICIAL REVIEW OF FINAL ADVERSE AGENCY DECISION ON MEDICAL
REIMBURSEMENT

1  along with the request of certain other participating providers in Group Appeal No.98-3176G, that the

2  PRRB reconsider its jurisdiction decision.

3          49.    By letter dated November 10, 2006, Saint Francis, along with certain other

4  participating providers in Group Appeal No.98-3176G, submitted its Jurisdiction Brief.

5          50.    By letter dated January 17, 2008, received by legal counsel for Saint Francis on

6  January 21, 2008, the PRRB notified Saint Francis that, upon reconsideration, the PRRB again

7  determined that it declined to assert jurisdiction over Saint Francis's appeal, based on the

8  determination of the PRRB that Saint Francis did not file its appeal within 180 days of the revised

9  NPR. (Exhibit 1.) The January 17, 2008 decision of the PRRB constitutes final agency action, over

10  which this Court has jurisdiction. 42 U.S.C. § 1395oo(f)(1). The PRRB's letter stated as follows

11  regarding Saint Francis's appeal right: "Review of this determination is available under the

12  provisions of 42 U.S.C.§ 1395oo(f)(1) and 42 C.F.R. §§ 405.1875 and 405.1877."

13  **DAVIES**

14                  **FYE 12/31/94**

15          51.    By letter dated December 31, 1997 to the PRRB,  Davies timely requested a

16  hearing before the PRRB to appeal the Intermediary's final determination of Medicare payment for

17  FYE 12/31/94, to which the PRRB assigned individual appeal case number 98-0574.

18          52.    By letter dated March 1, 1999, the Intermediary issued a revised NPR, which

19  notified Davies of the exception request.

20          53.    By letter dated April 26, 2004, Davies added to its individual appeal its appeal

21  regarding the Intermediary's RCL determination, and requested that the RCL appeal be transferred to

22  and consolidated with group appeal number 98-3176G.

23          54.    By letter dated October 24, 2006, the PRRB notified Davies that the PRRB

24  declined to assert jurisdiction over Davies's appeal regarding the RCL determination for 12/31/94

25  based on the determination of the PRRB that Davies did not file its appeal within 180 days of the

26  revised NPR.

27          55.    By letter dated November 3, 2006, Davies, along with certain other

28  participating providers in Group Appeal No.98-3176G, requested that the PRRB reconsider its

-10-

COMPLAINT FOR JUDICIAL REVIEW OF FINAL ADVERSE AGENCY DECISION ON MEDICAL
REIMBURSEMENT

1 | jurisdiction decision.

2 |     56.    By letter dated November 6, 2006, the PRRB granted Davies's request, along
3 | with the request of certain other participating providers in Group Appeal No.98-3176G, that the
4 | PRRB reconsider its jurisdiction decision.

5 |     57.    By letter dated November 10, 2006, Davies, along with certain other
6 | participating providers in Group Appeal No.98-3176G, submitted its Jurisdiction Brief.

7 |     58.    By letter dated January 17, 2008, received by Davies's legal counsel on
8 | January 21, 2008, the PRRB notified Davies that, upon reconsideration, the PRRB again determined
9 | that it declined to assert jurisdiction over Davies's appeal, based on the determination of the PRRB
10 | that Davies did not file its appeal within 180 days of the revised NPR. (Exhibit 2.) The January 17,
11 | 2008 decision of the PRRB constitutes final agency action, over which this Court has jurisdiction. 42
12 | U.S.C. § 1395oo(f)(1). The PRRB's letter stated as follows regarding Davies's appeal right:
13 | "Review of this determination is available under the provisions of 42 U.S.C.§ 1395oo(f)(1) and 42
14 | C.F.R. §§ 405.1875 and 405.1877."

15 | **FYE 7/29/98**

16 |     59.    By letter dated February 15, 2001 to the PRRB, Davies timely requested a
17 | hearing before the PRRB to appeal the Intermediary's final determination of Medicare payment for
18 | FYE 7/29/98, to which the PRRB assigned individual appeal case number 01-1200.

19 |     60.    By letter dated May 23, 2001, the Intermediary issued a revised NPR, which
20 | notified Davies of the exception request.

21 |     61.    By letter dated April 26, 2004, Davies added to its individual appeal its appeal
22 | regarding the Intermediary's RCL determination, and requested that the RCL appeal be transferred to
23 | and consolidated with group appeal number 98-3176G.

24 |     62.    By letter dated October 24, 2006, the PRRB notified Davies that the PRRB
25 | declined to assert jurisdiction over the Hospital's appeal regarding the RCL determination for 7/29/98
26 | based on the determination of the PRRB that Davies did not file its appeal within 180 days of the
27 | revised NPR.

28 |     63.    By letter dated November 3, 2006, Davies, along with certain other

-11-

1  participating providers in Group Appeal No.98-3176G, requested that the PRRB reconsider its

2  jurisdiction decision.

3        64.    By letter dated November 6, 2006, the PRRB granted Davies's request, along

4  with the request of certain other participating providers in Group Appeal No.98-3176G, that the

5  PRRB reconsider its jurisdiction decision.

6        65.    By letter dated November 10, 2006, Davies, along with certain other

7  participating providers in Group Appeal No.98-3176G, submitted its Jurisdiction Brief.

8        66.    By letter dated January 17, 2008, received by Davies's legal counsel on

9  January 21, 2008, the PRRB notified Davies that, upon reconsideration, the PRRB again determined

10  that it declined to assert jurisdiction over Davies's appeal, based on the determination of the PRRB

11  that Davies did not file its appeal within 180 days of the revised NPR. (Exhibit 3.) The January 17,

12  2008 decision of the PRRB constitutes final agency action, over which this Court has jurisdiction. 42

13  U.S.C. § 1395oo(f)(1). The PRRB's letter stated as follows regarding the Hospital's appeal right:

14  "Review of this determination is available under the provisions of 42 U.S.C.§ 1395oo(f)(1) and 42

15  C.F.R. §§ 405.1875 and 405.1877."

16                                **COUNT I**

17        67.    The Hospitals incorporate paragraphs 1-66.

18        68.    The Hospitals satisfied the jurisdictional prerequisites set forth in 42 U.S.C. §

19  1395oo(a) for receiving a hearing before the PRRB by timely filing a request for hearing regarding

20  the Hospital's dissatisfaction with the final determination of the Intermediary, in the case of Saint

21  Francis for FYE 6/30/95, and in the case of Davies for FYE'S 12/31/94 and 7/29/98, as set forth in

22  the original NPR'S, and the total amount of payment due the Hospitals was in the amount of $10,000

23  or more.

24        69.    The PRRB has discretion, under 42 U.S.C. §1395oo(d), to decide whether to

25  order reimbursement of a cost or expense that was incurred within the period for which the cost report

26  was filed, even though that particular expense was not expressly claimed or explicitly considered by

27  the intermediary. *Loma Linda University Medical Center v. Leavitt*, 492 F.3d 1065, 1068 (9th Circuit

28  2007). See also, *Bethesda Hospital Association v. Bowen*,  485 U.S. 399  (1988), *Loma Linda*

-12-

1  *University Medical Center v. Blue Cross and Blue Shield Association of California*, Dec. 2001-D43

2  (August 30, 2001) (Medicare and Medicaid Guide (CCH) ¶ 80,7333) (rev'd, CMS Administrator,

3  Nov. 1, 2001 (Medicare and Medicaid Guide (CCH) ¶ 80,786).

4  WHEREFORE, the Hospitals respectfully requests that the Court enter an order

5  holding that the PRRB's January 17, 2008 decisions declining to assert jurisdiction are unlawful and

6  setting such decisions aside because:

7  (a) The decisions unlawfully deprive the Hospitals of their right to appeal a final

8  determination of the Secretary pursuant to 42 U.S.C. § 1395oo(a), 42 U.S.C. § 1395oo(d), 42 C.F.R.

9  § 405.1835 and 42 C.F.R. § 413.30(c)(2);

10  (b) Its conclusion of law that the PRRB does not have jurisdiction over the Hospitals'

11  appeals is not supported by substantial evidence; and

12  (c) Its conclusion of law that the PRRB does not have jurisdiction over the Hospitals'

13  appeals is arbitrary and capricious, contrary to law, and an abuse of discretion.

COUNT II

15  70.    The Hospitals incorporate paragraphs 1-69.

16  71.    The Hospitals satisfied the jurisdictional prerequisites set forth in 42 U.S.C. §

17  1395oo(a) for receiving a hearing before the PRRB by timely filing a request for hearing regarding

18  the Hospitals' dissatisfaction with the final determination of the Intermediary, in the case of Saint

19  Francis for FYE 6/30/95, and in the case of Davies for FYE'S 12/31/94 and 7/29/98, as set forth in

20  the original NPR'S, and the total amount of payment due the Hospitals was in the amount of $10,000

21  or more.

22  72.    The Hospitals had the right to add to their properly pending appeals, in the case

23  of Saint Francis for FYE 6/30/95, and in the case of Davies for FYE's 12/31/94 and 7/29/98, the

24  Hospitals' appeal regarding the Intermediary's RCL determination. 42 C.F.R.§ 405.1841(a); PRRB

25  *Instructions*, Section C.VI. Page 10.; and *Twin Rivers Regional Medical Center v. Blue Cross and*

26  *Blue Shield Association/Premera Blue Cross* (May 29, 2002) (Medicare and Medicaid Guide (CCH)

27  ¶ 80,881).

28  73.    The Hospitals added to their properly pending appeals, in the case of Saint

-13-

1    Francis for FYE 6/30/95, and in the case of Davies for FYE's 12/31/94 and 7/29/98, the Hospitals'

2    appeals regarding the Intermediary's RCL determination.

3        WHEREFORE, the Hospitals respectfully request that the Court enter an order holding

4    that the PRRB's January 17, 2008 decisions declining to assert jurisdiction are unlawful and setting

5    such decisions aside because:

6        (a)    The decisions unlawfully deprive the Hospitals of their right to appeal final

7    determinations of the Secretary pursuant to 42 U.S.C. § 1395oo(a); 42 C.F.R.§ 405.1841(a); 42

8    C.F.R. § 413.30(c)(2) PRRB *Instructions*, Section C.VI. Page 10; and *Twin Rivers Regional Medical*

9    *Center v. Blue Cross and Blue Shield Association/Premera Blue Cross* (May 29, 2002) (Medicare and

10   Medicaid Guide (CCH) ¶ 80,881).

11       (b)    Its conclusion of law that the PRRB does not have jurisdiction over the

12   Hospitals' appeals is not supported by substantial evidence; and

13       (c)    Its conclusion of law that the PRRB does not have jurisdiction over the

14   Hospitals' appeals is arbitrary and capricious, contrary to law, and an abuse of discretion.

15                          **COUNT III**

16       74.    The Hospitals incorporate paragraphs 1-73.

17       75.    The Hospitals are entitled to a hearing before the PRRB regarding their appeal

18   of the Intermediary's final determination of the Hospitals' RCL exception request, in the case of Saint

19   Francis for FYE 6/30/95, and in the case of Davies for FYE's 12/31/94 and 7/29/98.

20       WHEREFORE, the Hospitals respectfully request that the Court enter an order:

21       (a)    That the Secretary remand these appeals in writing to the PRRB, with copy of

22   such writing to legal counsel for the Hospitals, instructing the PRRB (1) to assert jurisdiction over

23   and reinstate the appeals of the Hospitals, and (2) to issue a letter to the Hospitals and the Medicare

24   fiscal intermediary no later than thirty days following the date of remand to the PRRB, with copy to

25   legal counsel for the Hospitals, notifying them that the PRRB has asserted jurisdiction over and

26   reinstated the appeals, and scheduling proceedings on the merits;

27       (b)    That this the Court shall retain jurisdiction over this case for purposes of

28   enforcement of the Secretary's compliance with this Court's order, and the PRRB's compliance with

-14-

1    the remand instructions of the Secretary, upon motion of the Hospitals;

2              (c)      That the Secretary award the Hospitals legal fees and costs; and

3              (d)      That the Court award the Hospitals such other relief as the Court may deem

4    just and proper under the circumstances.

5              Dated: March 12, 2008.

6                                          LAW OFFICES OF GARY E. GLEICHER

7                                          By:
                                               GARY E. GLEICHER

8
                                           Attorneys for SAINT FRANCIS MEMORIAL
9                                          HOSPITAL and FRANKLIN BENEVOLENT
                                           CORPORATION F/K/A DAVIES MEDICAL CENTER
10
     e:\gleicher\comp-02.doc
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                              -15-

**DEPARTMENT OF HEALTH AND HUMAN SERVICES**
**PROVIDER REIMBURSEMENT REVIEW BOARD**
2520 Lord Baltimore Drive, Suite L
Baltimore MD 21244-2670

98-3176G    **Phone: 410-786-2671**          **FAX: 410-786-5298**
CERTIFIED MAIL    Internet: www.cms.hhs.gov/PRRBReview

Suzanne Cochran, Esq., Chairperson
Elaine Crews Powell, CPA
Anjali Mulchandani-West
Yvette C. Hayes
Michael D, Richards

Refer to:                                                                                          JAN 1 7 2008

Kenneth R. Marcus, Esq.                          George Garcia
Honigman, Miller, Schwartz & Cohn, LLP          National Government Services, LLC-CA
660 Woodward Avenue                              MP: CACEO1-UGS1
Detroit, MI 48226-3606                           P.O. Box 7191
                                                 Indianapolis, IN 46207-7191

RE:    St. Francis Memorial Hospital as a participant in the QRS Applicability of the 112% of
       the Peer Group Mean
       Provider No. 05-0152
       Case No. 98-3176G
       FYE 6/30/95

Dear Mr. Marcus and Mr. Garcia:

The Provider Reimbursement Review Board (Board) has granted the request to reconsider its
decision to deny jurisdiction over several Providers participating in the above-referenced group
appeal. The Board's jurisdictional determination with regard to St. Francis Memorial Hospital
fiscal year end June 30, 1995, is set forth below.

**Background**

On November 14, 1997, the original Notice of Program Reimbursement (NPR) for St. Francis
Memorial Hospital fiscal year end June 30, 1995, was issued. On April 28, 1998, the Provider
timely requested an individual appeal. The individual appeal was assigned case number 98-2703.
On February 1, 1999, the revised NPR including the routine cost limit (RCL) exception
determination was issued. On November 2, 1999, the Provider added the 112% issue to its
individual appeal by briefing the issue in its preliminary position paper. On March 24, 2000, the
Provider transferred the 112% issue to case number 98-3176G. On October 18, 2004, case
number 98-2703 was closed. The Intermediary challenged the Board's jurisdiction over the
Provider as part of case number 96-3176G. On October 24, 2006, the Board concluded that it did
not have jurisdiction over the Provider as part of case number 98-3176G because the Provider
did not file a timely request for hearing from the revised NPR that gave rise to the cause of
action. The Provider was dismissed from the group appeal. On November 3, 2006, the Provider
requested that the Board reconsider its jurisdiction decision. The Provider submitted a
jurisdiction brief on November 10, 2006.

**Board's Decision**

The Board grants the Provider's request to reconsider its jurisdiction decision. However, the
Board majority concludes that it does not have jurisdiction over St. Francis Memorial Hospital
for fiscal year ending June 30, 1995, as part of case number 98-3176G. There is no new
information that would warrant the Board changing its previous decision. The Provider did not

Provider Reimbursement Review Board
Page 2 of 2     Marcus and Garcia                                98-3176G

file a timely request for hearing from the February 1, 1999, revised NPR that gave rise to the
cause of action. The question of reimbursement for costs between 100 and 112% of the costs in
excess of the limits did not arise until an exception determination had been made. In this case,
the Provider did not file an appeal of the RCL determination within 180 days of the revised NPR
implementing the determination as required by 42 U.S.C. 1395oo (a) and 42 C.F.R. §§ 405.1835
and 405.1889. The Provider did not attempt to appeal the revised NPR until November 2, 1999,
(274 days after the issuance of the revised NPR giving rise to the cause of action).

Review of this determination is available under the provisions of 42 U.S.C. §1395oo (f) (1) and
42 C.F.R. §§ 405.1875 and 405.1877.

Board Members Participating                          For the Board,
Yvette C. Hayes (dissenting)
Michael D. Richards
Anjali Mulchandani-West
Elaine Crews Powell, CPA
Suzanne Cochran, Esq.                                Suzanne Cochran, Esq.
                                                     Chairperson

cc:     Wilson C. Leong, Blue Cross & Blue Shield Association
        Bernard M. Talbert, Esq., Blue Cross & Blue Shield Association

Enclosure:     42 U.S.C. § 1395oo (f) (1) & 42 C.F.R. §§ 405.1875 and 405.1877



**DEPARTMENT OF HEALTH AND HUMAN SERVICES**
**PROVIDER REIMBURSEMENT REVIEW BOARD**
2520 Lord Baltimore Drive, Suite L
Baltimore MD 21244-2670
**Phone: 410-786-2671**          **FAX: 410-786-5298**
Internet: www.cms.hhs.gov/PRRBReview

Suzanne Cochran, Esq., Chairperson
Elaine Crews Powell, CPA
Anjali Mulchandani-West
Yvette C. Hayes
Michael D, Richards

98-3176G
Refer to CERTIFIED MAIL

JAN 1 7 2008

Kenneth R. Marcus, Esq.
Honigman, Miller, Schwartz & Cohn, LLP
660 Woodward Avenue
Detroit, MI 48226-3606

George Garcia
National Government Services, LLC-CA
MP: CACEO1-UGS1
P.O. Box 7191
Indianapolis, IN 46207-7191

RE:    Davies Medical Center as a participant in the QRS Applicability of the 112% of the Peer
       Group Mean
       Provider No. 05-0008
       Case No. 98-3176G
       FYE 12/31/94

Dear Mr. Marcus and Mr. Garcia:

The Provider Reimbursement Review Board (Board) has granted the request to reconsider its
decision to deny jurisdiction over several Providers participating in the above-referenced group
appeal. The Board's jurisdictional determination with regard to Davies Medical Center fiscal
year end December 31, 1994, is set forth below.

## Background

On September 30, 1997, the original Notice of Program Reimbursement (NPR) for Davies
Medical Center fiscal year end December 31, 1994, was issued. On December 31, 1997, the
Provider timely requested an individual appeal. The individual appeal was assigned case number
98-0574. On March 1, 1999, the revised NPR including the routine cost limit (RCL) exception
determination was issued. On April 26, 2004, the Provider added the 112% issue to its
individual appeal and transferred it to case number 98-3176G. Case number 98-0574 was closed
on September 30, 2004. The Intermediary challenged the Board's jurisdiction over the Provider
as part of case number 96-3176G. On October 24, 2006, the Board concluded that it did not have
jurisdiction over the Provider as part of case number 98-3176G because the Provider did not file
a timely request for hearing from the revised NPR that gave rise to the cause of action. The
Provider was dismissed from the group appeal. On November 3, 2006, the Provider requested
that the Board reconsider its jurisdiction decision. The Provider submitted a jurisdiction brief on
November 10, 2006.

## Board's Decision

The Board grants the Provider's request to reconsider its jurisdiction decision. However, the
Board concludes that it does not have jurisdiction over Davies Medical Center for fiscal year
ending December 31, 1994, as part of case number 98-3176G. There is no new information that
would warrant the Board changing its previous decision. The Provider did not file a timely
request for hearing from the March 1, 1999, revised NPR that gave rise to the cause of

Provider Reimbursement Review Board
Page 2 of 2     Marcus and Garcia                                    98-3176G

action. The question of reimbursement for costs between 100 and 112% of the costs in excess of
the limits did not arise until an exception determination had been made. In this case, the
Provider did not file an appeal of the RCL determination within 180 days of the revised NPR
implementing the determination as required by 42 U.S.C. 1395oo (a) and 42 C.F.R. §§ 405.1835
and 405.1889. The Provider did not attempt to appeal the revised NPR and transfer the 112%
issue to CN: 98-3176G until April 26, 2004, (1825 days after the issuance of the revised NPR
giving rise to the cause of action).

Review of this determination is available under the provisions of 42 U.S.C. §1395oo (f) (1) and
42 C.F.R. §§ 405.1875 and 405.1877.

Board Members Participating                              For the Board:
Yvette C. Hayes
Michael D. Richards
Anjali Mulchandani-West
Elaine Crews Powell, CPA
Suzanne Cochran, Esq.                                   Suzanne Cochran, Esq.
                                                        Chairperson

cc:     Wilson C. Leong, Blue Cross & Blue Shield Association
        Bernard M. Talbert, Esq., Blue Cross & Blue Shield Association


Enclosure:     42 U.S.C. § 1395oo (f) (1) & 42 C.F.R. §§ 405.1875 and 405.1877



**DEPARTMENT OF HEALTH AND HUMAN SERVICES**
**PROVIDER REIMBURSEMENT REVIEW BOARD**
2520 Lord Baltimore Drive, Suite L
**Baltimore MD 21244-2670**
**Phone: 410-786-2671          FAX: 410-786-5298**
98-3176G          **Internet: www.cms.hhs.gov/PRRBReview**

Suzanne Cochran, Esq., Chairperson
Elaine Crews Powell, CPA
Anjali Mulchandani-West
Yvette C. Hayes
Michael D. Richards

Refer to CERTIFIED MAIL

JAN 1 7 2008

Kenneth R. Marcus, Esq.
Honigman, Miller, Schwartz & Cohn, LLP
660 Woodward Avenue
Detroit, MI 48226-3606

George Garcia
National Government Services, LLC-CA
MP: CACEO1-UGS1
P.O. Box 7191
Indianapolis, IN 46207-7191

RE:    Davies Medical Center as a participant in the QRS Applicability of the 112% of the Peer
       Group Mean
       Provider No. 05-0008
       Case No. 98-3176G
       FYE 7/29/98

Dear Mr. Marcus and Mr. Garcia:

The Provider Reimbursement Review Board (Board) has granted the request to reconsider its
decision to deny jurisdiction over several Providers participating in the above-referenced group
appeal. The Board's jurisdictional determination with regard to Davies Medical Center fiscal
year end July 29, 1998, is set forth below.

## Background

On August 24, 2000, the original Notice of Program Reimbursement (NPR) for Davies Medical
Center fiscal year end July 29, 1998, was issued. On February 15, 2001, the Provider timely
requested an individual appeal. The individual appeal was assigned case number 01-1200. On
May 23, 2001, the revised NPR including the routine cost limit (RCL) exception determination
was issued. On April 26, 2004, the Provider added the 112% issue to its individual appeal and
transferred it to case number 98-3176G. The Intermediary challenged the Board's jurisdiction
over the Provider as part of case number 96-3176G. On October 24, 2006, the Board concluded
that it did not have jurisdiction over the Provider as part of case number 98-3176G because the
Provider did not file a timely request for hearing from the revised NPR that gave rise to the cause
of action. The Provider was dismissed from the group appeal. On November 3, 2006, the
Provider requested that the Board reconsider its jurisdiction decision. The Provider submitted a
jurisdiction brief on November 10, 2006. On December 7, 2007, case number 01-1200 was
closed.

## Board's Decision

The Board grants the Provider's request to reconsider its jurisdiction decision. However, the
Board concludes that it does not have jurisdiction over Davies Medical Center for fiscal year
ending July 29, 1998, as part of case number 98-3176G. There is no new information that
would warrant the Board changing its previous decision. The Provider did not file a timely
request for hearing from the May 23, 2001, revised NPR that gave rise to the cause of

Provider Reimbursement Review Board
Page 2 of 2    Marcus and Garcia                                    98-3176G

action. The question of reimbursement for costs between 100 and 112% of the costs in excess of
the limits did not arise until an exception determination had been made. In this case, the
Provider did not file an appeal of the RCL determination within 180 days of the revised NPR
implementing the determination as required by 42 U.S.C. 1395oo (a) and 42 C.F.R. §§ 405.1835
and 405.1889. The Provider did not attempt to appeal the revised NPR and transfer the 112%
issue to CN: 98-3176G until April 26, 2004, (1065 days after the issuance of the revised NPR
giving rise to the cause of action).

Review of this determination is available under the provisions of 42 U.S.C. §1395oo (f) (1) and
42 C.F.R. §§ 405.1875 and 405.1877.

<u>Board Members Participating</u>                        For the Board:
Yvette C. Hayes
Michael D. Richards
Elaine Crews Powell, CPA
Suzanne Cochran, Esq.                                Suzanne Cochran, Esq.
                                                     Chairperson

cc:    Wilson C. Leong, Blue Cross & Blue Shield Association
       Bernard M. Talbert, Esq., Blue Cross & Blue Shield Association

Enclosure:    42 U.S.C. § 1395oo (f) (1) & 42 C.F.R. §§ 405.1875 and 405.1877