```
 1  JOSEPH P. RUSSONIELLO (CABN 44332)
    United States Attorney
 2  JOANN M. SWANSON (CABN 88143)
    Chief, Civil Division
 3  JULIE A. ARBUCKLE (CABN 193425)
    Assistant United States Attorney
 4       450 Golden Gate Avenue, Box 36055
         San Francisco, California 94102-3495
 5       Telephone: (415) 436-7102
         Fax: (415) 436-6748
 6       E-mail: julie.arbuckle@usdoj.gov
    Attorneys for Federal Defendant
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ST. FRANCIS MEMORIAL HOSPITAL AND FRANKLIN BENEVOLENT CORPORATION f/k/a DAVIES MEDICAL CENTER,<br><br>   Plaintiffs,<br><br>  v.<br><br>MICHAEL O. LEAVITT, Secretary, U.S. Department of Health and Human Services,<br><br>   Defendant. | No. C 08-1440 MMC<br><br>FEDERAL DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT |

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant Michael O. Leavitt, the Secretary of Health and Human Services ("the Secretary"), by and through his undersigned counsel, answers Plaintiffs St. Francis Memorial Hospital ("St. Francis") and Franklin Benevolent Corporation f/k/a Davies Medical Center's ("Davies") Complaint for Judicial Review of Final Adverse Agency Decision on Medicare Reimbursement ("Complaint") by admitting, denying, and averring as follows, denying each and every allegation not expressly admitted.

## RESPONSES TO PLAINTIFFS' ALLEGATIONS

Using the same numbered paragraphs as the Complaint, the Secretary answers the numbered paragraphs of the Complaint as follows:


1. The first sentence of this paragraph contains Plaintiffs' characterization of this action, to which no response is required. The second sentence contains a conclusion of law and Plaintiffs' characterization of 42 U.S.C. § 1395oo(f)(1), not allegations of fact, to which no response is required. The Secretary denies any characterization of the cited provision, which speaks for itself, and respectfully refers the Court to the cited provision for a complete and accurate statement of its contents.

2. This paragraph contains Plaintiffs' characterization of this action, Title XVIII of the Social Security Act (42 U.S.C. §§ 1395-1395hhh), and the Administrative Procedure Act ("APA") (5 U.S.C. §§ 551 *et. seq.*), not allegations of fact, and thus no response is required. The Secretary denies any characterization of the cited provisions, which speak for themselves, and respectfully refers the Court to the cited provisions for a complete and accurate statement of their contents.

3. This paragraph contains conclusions of law and Plaintiffs' characterization of 42 U.S.C. § 1395oo(f) and 28 U.S.C. § 1331, 28 U.S.C. § 1391(e), and 28 U.S.C. §§ 2201-2202, not allegations of fact, to which no response is required. The Secretary denies any characterization of the cited provisions, which speak for themselves, and respectfully refers the Court to the cited provisions for a complete and accurate statement of their contents.

4. Denies the first sentence of this paragraph, except to admit that the Plaintiffs, St. Francis Memorial Hospital and Franklin Benevolent Corporation f/k/a Davies Medical Center, are hospitals that participated in the Medicare program during the relevant period. The Secretary further avers that Franklin Benevolent Corporation is located in Corte Madera, California and that, during at least part of the relevant period, Davies Medical Center was located in San Francisco, California and Saint Francis Memorial Hospital was located in either San Francisco, California or Redwood, California. The second sentence contains conclusions of law and Plaintiffs' characterization of 42 U.S.C. § 1395x(u), not allegations of fact, to which no response is required. The Secretary denies any characterization of the cited provision, which speaks for itself, and respectfully refers the Court to the cited provision for a complete and accurate statement of its contents.

5. Denies this paragraph, except to admit that the Secretary is responsible for the administration of the Medicare program, and that he has delegated considerable authority for administration of the Medicare program to the Administrator of the Centers for Medicare and Medicaid Services ("CMS")

1    (formerly the Health Care Financing Administration ("HCFA")).

2        6. Admits the first sentence of this paragraph. Denies the second sentence, except to admit that, during the periods at issue in this case, a hospital with a Medicare provider agreement could be reimbursed for some of the costs it incurred in furnishing certain services to eligible Medicare beneficiaries, subject to conditions of participation and other requirements established by the Secretary.

    7. The first and second sentences of this paragraph contain conclusions of law and Plaintiffs' characterization of 42 U.S.C. § 1395h, not allegations of fact, to which no response is required. The Secretary denies any characterization of the cited provision, which speaks for itself, and respectfully refers the Court to the cited provision for a complete and accurate statement of its contents. Denies the third sentence of this paragraph. The Secretary further avers that Blue Cross of California was the Medicare Fiscal Intermediary assigned to Davies Medical Center and to St. Francis Memorial Center during the period relevant to this action.

    8-9. These paragraphs contain conclusions of law as well as excerpts from and Plaintiffs' characterizations of 42 U.S.C. §§ 1395oo(a), and 42 C.F.R. § 405.1841(b), not allegations of fact, and thus no response is required. The Secretary admits that the excerpts are accurate, but denies any characterization of the cited provisions, which speak for themselves, and respectfully refers the Court to the cited provisions for a complete and accurate statement of their contents.

    10. The first sentence of this paragraph contains a conclusion of law, not allegations of fact, to which no response is required. The second sentence of this paragraph contains an excerpt from and Plaintiffs' characterizations of Provider Reimbursement Review Board ("PRRB" or "the Board") Decision No. 79-D22 (April 13, 1979) (Medicare and Medicaid Guide (CCH) ¶ 29,913), not allegations of fact, to which no response is required. The Secretary admits that the excerpts are accurate, but denies any characterization of the cited provision, which speaks for itself, and respectfully refers the Court to the cited provision for a complete and accurate statement of its contents.

    11. This paragraph contains conclusions of law and Plaintiffs' characterizations of <u>Bethesda Hospital Association v. Bowen</u>, 485 U.S. 399 (1988) and <u>Loma Linda University Medical Center v. Blue Cross and Blue Shield Association of California</u>, PRRB Decision No. 2001-D43 (August 30, 2001), not allegations of fact, and thus no response is required.

FEDERAL DEFENDANT'S ANSWER - Case No. 08-1440 MMC    3

12. This paragraph contains a conclusion of law and Plaintiffs' characterization of 42 C.F.R. § 405.1841(a), not allegations of fact, to which no response is required. The Secretary denies any characterization of the cited provision, which speaks for itself, and respectfully refers the Court to the cited provision for a complete and accurate statement of its contents.

13. The first sentence of this paragraph contains conclusions of law, not allegations of fact, to which no response is required. Admits the second sentence and admits that the accompanying footnote is the citation for the current version of the PRRB's Instructions.

14. This paragraph contains an excerpt from and Plaintiffs' characterizations of section C.VI. of the current version of the PRRB's Instructions, not allegations of fact, to which no response is required. The Secretary admits the excerpt is accurate, but denies any characterization of the cited provision, which speaks for itself, and respectfully refers the Court to the cited provision for a complete and accurate statement of its contents. The Secretary further avers that the PRRB's Instructions are available on CMS's website at
http://www.cms.hhs.gov/PRRBReview/Downloads/PRRB_Instructions_March_03.pdf

15. The first sentence of this paragraph contains a conclusion of law and Plaintiffs' characterization of the CMS Administrator's decision in <u>Twin Rivers Regional Medical Center v. Blue Cross and Blue Shield Association/Premera Blue Cross</u> (May 29, 2002) (Medicare and Medicaid Guide (CCH) ¶ 80,881), not allegations of fact, to which no response is required. The Secretary denies any characterization of the decision, which speaks for itself, and respectfully refers the Court to the decision for a complete and accurate statement of its contents. The second sentence contains an excerpt from the decision in <u>Twin Rivers Regional Medical Center v. Blue Cross and Blue Shield Association/Premera Blue Cross</u> (May 29, 2002) (Medicare and Medicaid Guide (CCH) ¶ 80,881), not allegations of fact, and thus no response is required. The Secretary admits that the excerpt is accurate, but denies any characterization of the cited provision, which speaks for itself, and respectfully refers the Court to the decision for a complete and accurate statement of its contents.

16. The first sentence of this paragraph contains a conclusion of law, not allegations of fact, to which no response is required. The second sentence contains an excerpt from and Plaintiffs' characterizations of language appearing in section II.a. of the current version of the PRRB's Instructions,

not allegations of fact, to which no response is required. The Secretary admits that the excerpt is accurate, but denies any characterization of the cited provision, which speaks for itself, and respectfully refers the Court to the cited provision for a complete and accurate statement of its contents.

17. This paragraph contains conclusions of law, and Plaintiffs' characterizations of <u>St. Joseph's Hospital v. Leavitt</u>, 425 F.Supp.2d 94 (D.D.C. 2006) and various PRRB decisions, not allegations of fact, and thus no response is required. The Secretary denies any characterization of the cited decisions, which speak for themselves, and respectfully refers the Court to the cited decisions for a complete and accurate statement of their contents.

18. This paragraph contains conclusions of law, and an excerpt from and Plaintiffs' characterization of <u>Loma Linda Univ. Medical Center v. Leavitt</u>, 492 F.3d 1065, 1068 (9th Cir. 2007), not allegations of fact, and thus no response is required. The Secretary admits the excerpt of the decision is generally accurate, but denies any characterization of the cited decision, which speaks for itself, and respectfully refers the Court to the cited decision for a complete and accurate statement of its contents.

19. This paragraph contains conclusions of law and Plaintiffs' characterization of 42 C.F.R. § 405.1867, not allegations of fact, to which no response is required. The Secretary denies any characterization of the cited provision, which speaks for itself, and respectfully refers the Court to the cited provision for a complete and accurate statement of its contents.

20-21. These paragraphs contain conclusions of law as well as excerpts from and Plaintiffs' characterizations of 42 U.S.C. § 1395oo(f)(1), not allegations of fact, and thus no response is required. The Secretary admits that the excerpts are accurate, but denies any characterization of the cited provisions, which speak for themselves, and respectfully refers the Court to the cited provisions for a complete and accurate statement of their contents.

22. This paragraph contains conclusions of law and Plaintiffs' characterization of 42 U.S.C. § 1395i-3, not an allegation of fact, to which no response is required. The Secretary denies any characterization of the cited provision, which speaks for itself, and respectfully refers the Court to the cited provision for a complete and accurate statement of its contents.

23. This paragraph contains conclusions of law and Plaintiffs' characterization of 42 U.S.C. § 1395x(v), 42 U.S.C. §§ 1395x(v)(7)(B), 1395ww(a), and 1395yy, not an allegation of fact, to which no

response is required. The Secretary denies any characterization of the cited provisions, which speak for themselves, and respectfully refers the Court to the cited provisions for a complete and accurate statement of their contents.

24. Admits.

25. This paragraph contains a conclusions of law, as well as excerpts from and Plaintiffs' characterizations of 42 U.S.C. § 1395yy(c), not allegations of fact, to which no response is required. The Secretary admits that the excerpts are accurate, but denies any characterization of the cited provision, which speaks for itself, and respectfully refers the Court to the cited provision for a complete and accurate statement of its contents.

26. This paragraph contains a conclusions of law, and Plaintiffs' characterizations of 42 C.F.R. § 413.30, not allegations of fact, to which no response is required. The Secretary denies any characterization of the cited provision, which speaks for itself, and respectfully refers the Court to the cited provision for a complete and accurate statement of its contents.

27. This paragraph contains conclusions of law and Plaintiffs' characterizations of 42 U.S.C. §§ 1395yy(a) and 1395x(v)(1)(A), not allegations of fact, to which no response is required. The Secretary denies any characterization of the cited provisions, which speak for themselves, and respectfully refers the Court to the cited provisions for a complete and accurate statement of their contents.

28. This paragraph contains a conclusion of law and Plaintiffs' characterizations of the Provider Reimbursement Manual ("PRM"), not allegations of fact, to which no response is required. The Secretary denies any characterization of the PRM, which speaks for itself, and respectfully refers the Court to the PRM, which is available on CMS's website, for a complete and accurate statement of its contents. See http://www.cms.hhs.gov/Manuals/PBM/list.asp.

29. This paragraph contains conclusions of law and Plaintiffs' characterization of PRM § 2534.5, not allegations of fact, to which no response is required. The Secretary denies any characterization of the cited provision, which speaks for itself, and which is available on CMS's website, and respectfully refers the Court to the cited provision for a complete and accurate statement of its contents. The Secretary further avers that PRM § 2534.5 can be found in Chapter 25 of the PRM, which is available

on CMS's website at http://www.cms.hhs.gov/Manuals/PBM/itemdetail.asp?filterType=none& filterByDID=-99&sortByDID=1&sortOrder=ascending&itemID=CMS021929&intNumPerPage=10.

30-32.  These paragraphs contain conclusions of law and Plaintiffs' characterization of PRM § 2534.5 and the provisions governing the routine cost limits applicable to skilled nursing facilities (including 42 U.S.C. § 1395yy(a)), not allegations of fact, to which no response is required.  The Secretary denies any characterization of the cited provisions, which speak for themselves, and respectfully refers the Court to the cited provisions for a complete and accurate statement of their contents.

33.  The first and second sentences of this paragraph contain conclusions of law and Plaintiffs' characterization of PRM § 2534.5, not allegations of fact, to which no response is required.  The Secretary denies any characterization of that provision, which speaks for itself, and respectfully refers the Court to PRM § 2534.5 for a complete and accurate statement of its contents.  The third sentence contains a conclusion of law, as well as Plaintiffs' characterization of <u>Regents of the University of California on behalf of Davis Medical Center v. Schweiker</u>, 756 F.2d 1387 (9th Cir. 1985), not allegations of fact, and thus no response is required.  The Secretary specifically denies any characterization of the cited decision, which speaks for itself, and respectfully refers the Court to the cited decision for a complete and accurate statement of its contents.

34-35.  These paragraphs contain conclusions of law, and an excerpt from 42 C.F.R. § 413.30(c)(2), and Plaintiffs' characterization of 42 C.F.R. § 413.30(c)(2) and subpart R of part 405 of the Federal Regulations (i.e., 42 C.F.R. §§ 405.1801-405.1889), not allegations of fact, and thus no response is required.  The Secretary admits that the excerpt is accurate, but denies any characterization of the cited provisions, which speak for themselves, and respectfully refers the Court to the cited provisions for a complete and accurate statement of their contents.

36.  Denies the allegations in this paragraph, except to admit that St. Francis operated a hospital based skilled nursing facility ("SNF") during the fiscal year ending ("FYE") June 30, 1995.  The Secretary lacks knowledge or information sufficient to allow him to admit or deny the allegation that St. Francis operated a hospital based SNF during other cost reporting periods.

37.  Denies the allegations in this paragraph, except to admit that St. Francis submitted a request to

its intermediary for an exception to the Routine Cost Limit ("RCL") applicable to SNFs in connection with St. Francis's cost year for FYE June 30, 1995.

38.  Denies the allegations in this paragraph, except to admit that the Medicare Fiscal Intermediary considered and applied, among other requirements, those set forth in Provider Reimbursement Manual ("PRM") § 2534.5 to the requests St. Francis submitted for an RCL exception in connection with its FYE June 30, 1995 cost year.

39.  Denies the allegations in this paragraph, except to admit that Davies operated a SNF during the FYE December 31, 1994 and the FYE June 29, 1998.  The Secretary lacks knowledge or information sufficient to allow him to admit or deny the allegation that Davies operated a hospital based SNF during other cost reporting periods.

40.  Denies the allegations in this paragraph, except to admit that Davies submitted a request to its intermediary for an exception to the RCL applicable to SNFs in connection with the FYE December 31, 1994 and the FYE June 29, 1998.

41.  Denies the allegations in this paragraph, except to admit that the Medicare Fiscal Intermediary considered and applied, among other requirements, those set forth in PRM § 2534.5 to the requests Davies submitted for an RCL exceptions in connection with its FYE December 31, 1994 and FYE July 29, 1998 cost years.

42.  This paragraph contains a conclusion of law and Plaintiffs' characterization of a letter CHW West Bay sent to the PRRB dated April 28, 1998 which sought review by the PRRB of an Notice of Program Reimbursement ("NPR") which the Medicare Fiscal Intermediary had issued to St. Francis concerning its cost reporting period for the FYE June 30, 1995, not allegations of fact, and thus no response is required.  The Secretary denies any characterization of the letter, which speaks for itself, and respectfully refers the Court to the letter and the NPR which accompanied that letter, all of which can be found at pages 1812-26 in the Certified Administrative Record ("AR"), for a complete and accurate statement of its contents.

43.  Denies the allegations in this paragraph, except to admit that on or about February 1, 1999, a Medicare Fiscal Intermediary issued a revised NPR incorporating an RCL exception determination in connection with St. Francis's cost report for the FYE June 30, 1995.

44. Denies the allegations in this paragraph, except to admit that St. Francis filed a position paper with the PRRB dated November 2, 1999 in connection with its appeal of its FYE June 30, 1995 cost report, which addressed the issue of whether the Medicare Fiscal Intermediary properly calculated the amount of its RCL exception. The Secretary specifically denies that this had the effect of adding this issue to St. Francis's administrative appeal. The Secretary denies any characterization of the position paper, which speaks for itself, and respectfully refers the Court to the position paper for a complete and accurate statement of its contents. See AR 1696-1718. The Secretary further avers that the language concerning the RCL exception can be found in the position paper at AR 1716-17.

45. This paragraph contains Plaintiffs' characterization of a letter from a representative of St. Francis to the PRRB dated March 24, 2000, not allegations of fact, and thus no response is required. The Secretary denies any characterization of the letter, which speaks for itself, and respectfully refers the Court to the letter, which can be found at AR 1514, for a complete and accurate statement of its contents.

46. This paragraph contains Plaintiffs' characterization of the PRRB's October 24, 2006 jurisdictional decision, not allegations of fact, and thus no response is required. The Secretary denies any characterization of the cited jurisdictional decision, which speaks for itself, and respectfully refers the Court to the cited decision for a complete and accurate statement of its contents. See AR 579-80.

47. This paragraph contains Plaintiffs' characterization of a letter from Kenneth Marcus, in his capacity as a representative of a group of providers, to the PRRB dated November 3, 2006, not allegations of fact, and thus no response is required. The Secretary denies any characterization of the letter, which speaks for itself, and respectfully refers the Court to the letter, which can be found at AR 563-64, for a complete and accurate statement of its contents.

48. This paragraph contains Plaintiffs' characterization of a letter from the PRRB to Mr. Marcus, in his capacity as a representative of a group of providers, dated November 6, 2006, not allegations of fact, and thus no response is required. The Secretary denies any characterization of the letter, which speaks for itself, and respectfully refers the Court to the letter, which can be found at AR 562, for a complete and accurate statement of its contents.

49. This paragraph contains Plaintiffs' characterization of a letter from Mr. Marcus, in his capacity as a representative of a group of providers, to the PRRB dated November 10, 2006 and an

accompanying jurisdiction brief (including exhibits), not allegations of fact, and thus no response is required. The Secretary denies any characterization of the letter and jurisdiction brief, which speak for themselves, and respectfully refers the Court to the letter, brief, and exhibits, which can be found at AR 443-561, for a complete and accurate statement of its contents."

50. The first and third sentences of this paragraph contain an excerpt from and Plaintiffs' characterization of the PRRB's January 17, 2008 jurisdictional decision, not allegations of fact, and thus no response is required. The Secretary admits that the excerpt is accurate, and denies any characterization of the cited jurisdictional decision, which speaks for itself, and respectfully refers the Court to the cited decision for a complete and accurate statement of its contents. See AR 26-27. The Secretary lacks knowledge or information sufficient to allow him to admit or deny the allegation that St. Francis's legal counsel received the PRRB's January 17, 2008 jurisdictional decision on January 21 2008, and on that basis he denies it. The second sentence contains a conclusions of law and Plaintiffs' characterization of 42 U.S.C. § 1395oo(f), not allegations of fact, to which no response is required. The Secretary denies any characterization of the cited provision, which speaks for itself, and respectfully refers the Court to the cited provision for a complete and accurate statement of its contents.

51. This paragraph contains a conclusion of law, Plaintiffs' characterization of a letter dated December 31, 1997 from Davies to the PRRB, and of an acknowledgment letter from the PRRB to Davies dated January 16, 1998, not allegations of fact, and thus no response is required.  The Secretary denies any characterization of the letters, which speak for themselves, and respectfully refers the Court to the letters for a complete and accurate statement of their contents.  See AR 2217-19.

52. This paragraph contains Plaintiffs' characterization of a letter dated March 1, 1999, an accompanying revised Notice of Amount of Program Reimbursement, and associated documents, that the Medicare Fiscal Intermediary issued for Davies's cost years for the FYE December 31, 1994, not an allegation of fact, and thus no response is required.  The Secretary denies any characterization of the letter, revised NPR, and associated documents concerning Davies's cost years for the FYE December 31, 1994, and respectfully refers the Court to these documents, which can be found at AR 1972-77 and at AR 2197-98, for a complete and accurate statement of their contents.

53. This paragraph contains a conclusion of law and Plaintiffs' characterization of a letter from

Davies to the PRRB dated April 26, 2004, not allegations of fact, and thus no response is required. The Secretary denies any characterization of the letter, which speaks for itself, and respectfully refers the Court to the letter (and accompanying attachments), which can be found at AR 1840-81, for a complete and accurate statement of their contents.

54. This paragraph contains Plaintiffs' characterization of the PRRB's October 24, 2006 jurisdictional determination, not allegations of fact, and thus no response is required. The Secretary denies any characterization of the cited decision, which speaks for itself, and respectfully refers the Court to the cited decision for a complete and accurate statement of its contents. See AR 567-68.

55. This paragraph contains Plaintiffs' characterization of a letter dated November 3, 2006 that Mr. Marcus submitted to the PRRB on behalf of a group of providers requesting reconsideration of the PRRB's jurisdictional determinations, not allegations of fact, to which no response is required. The Secretary denies any characterization of the letter, which speaks for itself, and respectfully refers the Court to the letter, which can be found at AR 563-64, for a complete and accurate statement of its contents.

56. This paragraph contains Plaintiffs' characterization of a letter from the PRRB to Mr. Marcus dated November 6, 2006, not allegations of fact, to which no response is required. The Secretary denies any characterization of the letter, which speaks for itself, and respectfully refers the Court to the letter, which can be found at AR 562, for a complete and accurate statement of its contents.

57. This paragraph contains Plaintiffs' characterization of the letter that Mr. Marcus sent the PRRB on November 10, 2006 transmitting a jurisdictional brief and of the accompanying jurisdictional brief, not an allegation of fact, and thus no response is required. The Secretary denies any characterization of the letter and jurisdictional brief, and respectfully refers the Court to the letter and jurisdictional brief (and exhibits to that brief), which can be found at AR 443-561, for a complete and accurate statement of their contents.

58. The first and third sentences of this paragraph contain an excerpt from and Plaintiffs' characterization of a letter from the PRRB to Mr. Marcus and to Mr. George Garcia of National Government Services dated January 17, 2008 setting forth a jurisdictional determination in connection with Davies's cost year for the FYE December 31, 1994, not allegations of fact, to which no response is

required.  The Secretary admits that the excerpt is accurate, but denies any characterization of the letter, which speaks for itself, and respectfully refers the Court to the letter, which can be found at AR 16-17 for a complete and accurate statement of its contents.  The Secretary lacks knowledge or information sufficient to allow him to admit or deny the allegation that Davies's legal counsel received the PRRB's January 17, 2008 letter on January 21, 2008, and on that basis he denies it.  The second sentence contains a conclusion of law and Plaintiffs' characterization of 42 U.S.C. § 1395oo(f)(1), not allegations of fact, to which no response is required.  The Secretary denies any characterization of the cited provision, which speaks for itself, and respectfully refers the Court to the cited provision for a complete and accurate statement of its contents.

59.  This paragraph contains a conclusion of law, Plaintiffs' characterization of a letter which a representative of Davies sent to the PRRB dated February 15, 2001 which sought review by the PRRB of an NPR which Davies's Medicare Fiscal Intermediary had issued to St. Francis concerning its cost reporting period for the FYE July 29, 1998, and Plaintiffs' characterization of a letter dated March 20, 2001 from the PRRB to a representative of Davies in which the PRRB acknowledged receipt of that request, not allegations of fact, and thus no response is required.  The Secretary denies any characterization of the February 15, 2001 and March 20, 2001 letters, which speak for themselves, and respectfully refers the Court to the letters, which can be found at AR 1302-05, for a complete and accurate statement of its contents.

60.  This paragraph contains Plaintiffs' characterization of a letter dated May 23, 2001, an accompanying revised Notice of Amount of Program Reimbursement, and associated documents, that the Medicare Fiscal Intermediary issued for Davies's cost years for the FYE July 29, 1998, not an allegation of fact, and thus no response is required.  The Secretary denies any characterization of the letter, revised NPR, and associated documents concerning Davies's cost years for the FYE July 29, 1998, and respectfully refers the Court to the letter, which can be found at AR 746-47, for a complete and accurate statement of its contents.

61.  This paragraph contains a conclusion of law and Plaintiffs' characterization of a letter from Davies to the PRRB dated April 26, 2004, not allegations of fact, and thus no response is required.  The Secretary denies any characterization of the letter, which speaks for itself, and respectfully refers the

Court to the letter (and accompanying attachments), which can be found at AR 1086-1127, for a complete and accurate statement of their contents.

62. This paragraph contains Plaintiffs' characterization of the PRRB's October 24, 2006 jurisdictional determination concerning Davies's FYE July 29, 1998, not allegations of fact, and thus no response is required. The Secretary denies any characterization of the cited decision, which speaks for itself, and respectfully refers the Court to the cited decision for a complete and accurate statement of its contents. See AR 569-70.

63. This paragraph contains Plaintiffs' characterization of a letter dated November 3, 2006 that Mr. Marcus submitted to the PRRB on behalf of a group of providers requesting reconsideration of the PRRB's jurisdictional determinations, not allegations of fact, to which no response is required. The Secretary denies any characterization of the letter, which speaks for itself, and respectfully refers the Court to the letter, which can be found at AR 563-64, for a complete and accurate statement of its contents.

64. This paragraph contains Plaintiffs' characterization of a letter from the PRRB to Mr. Marcus dated November 6, 2006, not allegations of fact, to which no response is required. The Secretary denies any characterization of the letter, which speaks for itself, and respectfully refers the Court to the letter, which can be found at AR 562, for a complete and accurate statement of its contents.

65. This paragraph contains Plaintiffs' characterization of the letter that Mr. Marcus sent the PRRB on November 10, 2006 transmitting a jurisdictional brief and of the accompanying jurisdictional brief, not an allegation of fact, and thus no response is required. The Secretary denies any characterization of the letter and jurisdictional brief, and respectfully refers the Court to the letter and jurisdictional brief (and exhibits to that brief), which can be found at AR 443-561, for a complete and accurate statement of their contents.

66. The first and third sentences of this paragraph contain an excerpt from and Plaintiffs' characterization of a letter from the PRRB to Mr. Marcus and to Mr. George Garcia of National Government Services dated January 17, 2008 setting forth a jurisdictional determination in connection with Davies's cost year for the FYE July 29, 1998, not allegations of fact, to which no response is required. The Secretary admits that the excerpt is accurate, but denies any characterization of the letter,

which speaks for itself, and respectfully refers the Court to the letter, which can be found at AR 18-19 for a complete and accurate statement of its contents. The Secretary lacks knowledge or information sufficient to allow him to admit or deny the allegation that Davies's legal counsel received the PRRB's January 17, 2008 letter on January 21, 2008, and on that basis he denies it. The second sentence contains a conclusion of law and Plaintiffs' characterization of 42 U.S.C. § 1395oo(f)(1), not allegations of fact, to which no response is required. The Secretary denies any characterization of the cited provision, which speaks for itself, and respectfully refers the Court to the cited provision for a complete and accurate statement of its contents.

67. The Secretary incorporates by reference his answers to paragraphs 1-66.

68. This paragraph contains conclusions of law and Plaintiffs' characterization of 42 U.S.C. § 1395oo(a), not allegations of fact, to which no response is required. The Secretary denies any characterization of the cited provision, which speaks for itself, and respectfully refers the Court to the cited provision for a complete and accurate statement of its contents.

69. The first sentence of this paragraph contains conclusions of law, Plaintiffs' characterization of 42 U.S.C. § 1395oo(d), and Plaintiffs' characterization of <u>Loma Linda University Medical Center v. Leavitt</u>, 492 F.3d 1065 (9th Cir. 2007), <u>Bethesda Hospital Association v. Bowen</u>, 485 U.S. 399 (1988), and <u>Loma Linda University Medical Center v. Blue Cross and Blue Shield Association of California</u>, PRRB Decision No. 2001-D43 (August 30, 2001), not allegations of fact, to which no response is required. The Secretary denies any characterization of the cited provision and decisions, which speak for themselves, and respectfully refers the Court to the cited provision and decisions for a complete and accurate statement of their contents. The remaining portions of this paragraph contain a portion of Plaintiffs' prayer for relief, to which no response is required. To the extent that a response is deemed necessary, the Secretary denies the allegations contained in the remaining portions of this paragraph.

70. The Secretary incorporates by reference his answers to paragraphs 1-69.

71. This paragraph contains conclusions of law and Plaintiffs' characterization of 42 U.S.C. § 1395oo(a), not allegations of fact, to which no response is required. The Secretary denies any characterization of the cited provision, which speaks for itself, and respectfully refers the Court to the cited provision for a complete and accurate statement of its contents.

72. This paragraph contains conclusions of law and Plaintiffs' characterization of 42 C.F.R. § 405.1841(a), section C.VI. of the PRRB's Instructions, and <u>Twin Rivers Regional Medical Center v. Blue Cross and Blue Shield Association/Premera Blue Cross</u> (May 29, 2002) (Medicare and Medicaid Guide (CCH) ¶ 80,881), not allegations of fact, to which no response is required. The Secretary denies any characterization of the cited provisions and decision, which speak for themselves, and respectfully refers the Court to the cited provision and decisions for a complete and accurate statement of their contents.

73. The first sentence of this paragraph contains conclusions of law, not allegations of fact, to which no response is required. The remaining portions of this paragraph contain a portion of Plaintiffs' prayer for relief, to which no response is required. To the extent that a response is deemed necessary, the Secretary denies the allegations contained in the remaining portions of this paragraph.

74. The Secretary incorporates by reference his answers to paragraphs 1-73.

75. The first sentence of this paragraph contains conclusions of law, not allegations of fact, to which no response is required. The remaining portions of this paragraph contain a portion of Plaintiffs' prayer for relief, to which no response is required. To the extent that a response is deemed necessary, the Secretary denies the allegations contained in the remaining portions of this paragraph.

Except to the extent expressly admitted or qualified above, the Secretary denies each and every allegation of Plaintiffs' Complaint.

## DEFENSES

### FIRST DEFENSE

The Court's subject matter jurisdiction obtains solely under Title XVIII of the Social Security Act, 42 U.S.C. § 1395 <u>et</u> <u>seq.</u> ("the Medicare statute"), and is limited to review of any final agency actions that are within the scope of 42 U.S.C. § 1395oo(f)(1). The final decisions at issue in this case are a set of jurisdictional determinations concerning various providers and cost years which were rendered by an administrative tribunal, the Provider Reimbursement Review Board. Accordingly, this Court lacks subject matter jurisdiction over the underlying merits in this case.

### SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

Case 3:08-cv-01440-MMC   Document 18   Filed 08/08/2008   Page 16 of 16

## THIRD DEFENSE

Plaintiffs are equitably estopped from asserting the claims alleged in their Complaint to the extent that Plaintiffs have, by their own conduct, intentionally induced, caused, and/or contributed to the alleged conduct of which Plaintiffs now complain.

## FOURTH DEFENSE

Each of Plaintiffs' claims as set forth in their Complaint is barred to the extent Plaintiffs have waived their rights under the Medicare Act, if any.

WHEREFORE, the Secretary prays as follows:

1. That Plaintiffs take nothing by their Complaint, and that the Secretary be dismissed from this action with prejudice;

2. That Plaintiffs' requests for equitable relief be denied with prejudice;

3. For costs of suit and reasonable attorneys' fees incurred herein; and

4. For such other and further relief as this Court deems proper.

Dated: August 8, 2008

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

_____/S/_____
Julie A. Arbuckle
Assistant United States Attorney
450 Golden Gate Avenue, 9th Floor
San Francisco, CA 94102
Phone: 415.436.7102
Fax: 415.436.6748

_____/S/_____
Jonathan C. Brumer
U.S. Department of Health and Human Services
Office of the General Counsel
Centers for Medicare and Medicaid Services
330 Independence Ave., S.W., Room 5344
Washington, D.C. 20201
(202) 205-8703

Attorneys for Federal Defendant