JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney
JOANN M. SWANSON (CABN 88143)
Chief, Civil Division
JULIE A. ARBUCKLE (CABN 193425)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7102
    Fax: (415) 436-6748
    E-mail: julie.arbuckle@usdoj.gov

Attorneys for Federal Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ST. FRANCIS MEMORIAL HOSPITAL AND FRANKLIN BENEVOLENT CORPORATION f/k/a DAVIES MEDICAL CENTER,<br><br>    Plaintiffs,<br><br>v.<br><br>MICHAEL O. LEAVITT, Secretary, U.S. Department of Health and Human Services,<br><br>    Defendant. | No. C 08-1440 (MMC)<br><br>JOINT CASE MANAGEMENT CONFERENCE STATEMENT<br><br>Date:  August 22, 2008<br>Time:  10:30 a.m. (via telephonic conference)<br>Judge:  Honorable Maxine M. Chesney |

The parties submit this Joint Case Management Statement.

1. <u>Jurisdiction and Service</u>:  Plaintiffs St. Francis Memorial Hospital and Franklin Benevolent Corporation f/k/a Davies Medical Center ("Plaintiffs") filed the Summons and Complaint in this action on March 13, 2008 and served via certified mail on April 2, 2008 the Secretary of Health and Human Services, the Northern District of California United States Attorney's Office, and the United States Attorney General.  This Court has subject matter jurisdiction to review the jurisdictional decisions of the Provider Reimbursement Review Board ("PRRB") at issue in this case.  42 U.S.C. § 1395oo(f)(1).

2. <u>Facts</u>: Plaintiffs are both hospitals that were providers of services participating in the Medicare program. Complaint ¶ 4. Plaintiffs seek judicial review of Medicare administrative decisions pursuant to the standards set forth in the Administrative Procedures Act. <u>See</u> 42 U.S.C. § 1395oo(f)(1); Complaint ¶¶1-3. Specifically, Plaintiffs challenge three jurisdictional decisions by the Provider Reimbursement Review Board ("PRRB"). Complaint ¶¶ 50, 58, 66, and Exhs. 1-3 thereto. The PRRB is an administrative tribunal empowered to hear and adjudicate certain types of claims for increased Medicare reimbursement brought by participants in the Medicare program, subject to the amount in controversy and other jurisdictional requirements for individual and group appeals which are set forth in 42 U.S.C. 1395oo(a), (b) and 42 C.F.R. §§ 405.1835-405.1841, 413.194, and the PRRB's instructions. <u>See</u> Complaint ¶¶ 1, 19-21; 42 U.S.C. 1395oo(a), (b) and 42 C.F.R. §§ 405.1835-405.1839, 413.194. Here, Plaintiffs appeal the decisions of the PRRB, which concluded, in separate decisions, that it did not have jurisdiction, as part of a group appeal, over each Plaintiff's claims concerning the amount of the exceptions to the routine cost limit applicable to skilled nursing facilities which the agency had awarded each Plaintiff in connection with certain fiscal years.

3. <u>Legal Issues</u>: The primary legal issues that the parties dispute are:
   a. Whether the PRRB's decisions declining jurisdiction over Plaintiffs' claims for certain fiscal years at issue in a group appeal asserting that agency determinations concerning the amount of exceptions to the routine cost limits were arbitrary, capricious, contrary to the law, or an abuse of discretion; and
   b. The remedies available to Plaintiffs if they prove their claims.

4. <u>Motions</u>: The parties intend to file cross-motions for summary judgment, which they expect will be dispositive of the claims in this case. The parties request that the deadline for Plaintiffs to file a motion for summary judgment be set for October 24, 2008, that the deadline for Federal Defendant to file an opposition and/or counter-motion be set for November 26, 2008, that the deadline for Plaintiffs to file a reply and/or opposition be set for January 15, 2009, and that the

deadline for Federal Defendants' reply to Plaintiffs' opposition be set for February 17, 2009.

5. Amendment of Pleadings: The parties do not anticipate any parties, claims, or defenses to be added or dismissed.

6. Evidence Preservation: Federal Defendant states that it has preserved in the administrative record that it will file with the Court by September 5, 2008 all documentary and electronic evidence related to the administrative decisions at issue in this case.

7. Disclosures: Initial disclosures are not required as this is "an action for review on an administrative record." Fed. R. Civ. P. 26(a)(E)(i).

8. Discovery: Defendant contends that judicial review under the Administrative Procedures Act is limited to the record before the agency. Florida Power & Light Co. v. Lorion, 470 U.S. 729, 743-44, 105 S.Ct. 1598 (1985) ("The task of the reviewing court is to apply the appropriate APA standard of review, 5 U.S.C. § 706, to the agency decision based on the record the agency presents to the reviewing court.") Accordingly, Federal Defendant contends that discovery in this case is impermissible. Id.; Oregon Natural Resources Council v. Lowe, 109 F.3d 521, 526 (9th Cir. 1997); and Rendleman v. Shalala, 21 F.3d 957, 961. n. 5 (9th Cir. 1994).

　　Plaintiffs contend that they reserve the right to request discovery after they receive and review the administrative record in this case.

9. Class Actions: Not applicable.

10. Related Cases: The parties are not aware at this time of any "related case" as defined by Civil Local Rule 3-12.

11. Relief: Plaintiffs seek the relief set forth in the Complaint, including but not limited to legal

fees and an order from this Court requiring the PRRB to assert jurisdiction over Plaintiffs' claims challenging the agency's determination of the amount of exceptions to routine cost limits set forth in the Medicare Act that Plaintiffs were to receive in connection with certain fiscal years. Federal Defendant seeks dismissal of Plaintiffs' claims, and contends that Plaintiffs are not entitled to any legal fees or other relief.

12. <u>Settlement and ADR</u>: Pursuant to ADR L.R. 3-5, the parties and their counsel hereby certify that they have: (1) read the handbook entitled "Dispute Resolution Procedures in the Northern District of California"; (2) discussed the available dispute resolution options provided by the Court and private entities; and (3) considered whether this case might benefit from any of them. The parties, however, do not believe formal ADR would be fruitful until after dispositive motions are heard. Additionally, settlement of this case is highly unlikely given that the relief Plaintiffs seek is a court order requiring the PRRB to assert jurisdiction. Accordingly, the parties do not request any formal ADR at this time.

13. <u>Consent to Magistrate Judge for All Purposes</u>: The parties do not consent to assignment to a magistrate judge for all further proceedings, including trial and entry of judgment.

14. <u>Other References</u>: This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u>: The issues in this case will be resolved though dispositive motions.

16. <u>Expedited Schedule</u>: This case can be handled on the expedited schedule proposed herein.

17. <u>Scheduling</u>: The parties agree that Federal Defendant will file the administrative record by September 5, 2008. Provided that Federal Defendant files the administrative record by that date, the parties request that the deadline for filing dispositive motions be set as described above.

JOINT CASE MANAGEMENT CONFERENCE STATEMENT - Case No. 08-1440 MMC      4

18. <u>Trial</u>: The parties do not anticipate a trial in this case as it is a case that will be decided based on an administrative record.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>: The known persons or entities that have either a financial interest in the subject matter of this action or a party to this action, or any other interest that could be substantially affected by the outcome of the proceeding are: Plaintiffs and the U.S. Department of Health and Human Services.

20. <u>Other Matters</u>: None at this time.

Respectfully submitted,

| | |
|---|---|
| LAW OFFICES OF GARY E. GLEICHER | JOSEPH P. RUSSONIELLO<br>United States Attorney |
| _____/s/_____<br>Gary E. Gleicher<br>433 N. Camden Dr., Ste. 730<br>Beverly Hills, CA. 90210<br>Tel.: (310) 277-3696<br>Fax: (310) 273-7679 | _____/s/_____<br>Julie A. Arbuckle<br>Assistant United States Attorney<br>450 Golden Gate Avenue, 9th Floor<br>San Francisco, CA 94102<br>Tel.: (415) 436-7102<br>Fax: (415) 436-6748 |
| _____/s/_____<br>Kenneth R. Marcus<br>Honigman Miller Schwartz and Cohn LLP<br>660 Woodward Avenue<br>2290 First National Building<br>Detroit, MI 48226-3506<br>Tel.: (313) 465-7470<br><br>Attorneys for Plaintiffs | _____/s/_____<br>Jonathan C. Brumer<br>U.S. Department of Health and Human Services<br>Office of the General Counsel<br>Centers for Medicare and Medicaid Services Division<br>330 Independence Ave., S.W., Room 5344<br>Washington, D.C. 20201<br>Tel.: (202) 205-8703<br><br>Attorneys for Federal Defendant |
| Dated: August 13, 2008_____ | Dated: August 13, 2008 |